## Case No. 1,627.

### In re BONESTEEL.

[7 Blatchf. 175;[1] 3 N. B. R. 517 (Quarto, 127).]

Circuit Court, S. D. New York.   Feb. 25, 1870.

BANKRUPTCY — PROCEEDING BY ASSIGNEE TO RECOVER ASSETS.

Where a summary proceeding by petition, by an assignee in bankruptcy, against a third person, to recover assets claimed to belong to the bankrupt, had been entertained by the district court, and it had made a decree thereon in favor of the assignee, and the defendant petitioned this court, under the second section of the bankruptcy act of 1867, to review such decree, this court set aside such decree as founded on irregular proceedings, without costs to either party, and with leave to the assignee to file a bill in the usual way against the defendant.

[Cited in Re Ballou, Case No. 818; Voorhies v. Bonesteel, Id. 17,001; Goodenow v. Milliken, Id. 5,535; Knight v. Cheney, Id. 7,883; Barstow v. Peckham, Id. 1,064; Bradley v. Healey, Id. 1,781; Re Marter, Id. 9,143.]
[See In re Evans, Case No. 4,551.]

[In bankruptcy.   Petition by Sophia H. Bonesteel, wife of John E. Bonesteel, a bankrupt, to review and set aside decree of the district court.   Granted.]

NELSON, Circuit Justice.   This is a petition by the wife of the bankrupt to review a decree [unreported] made by the district court, adjudging, on a claim made by the assignee in bankruptcy, that she holds 1145 shares of the capital stock of a Nicholson Pavement Company in Brooklyn, which belong to her husband.   The proceedings against her were by petition, in a summary way, by the assignee, to compel her to show cause why this stock should not be transferred to him.   The stock is said to be of the value of $30,000.

I have, heretofore, held—In re Kerosene Oil Co. [Case No. 7,726]—that the suit by the assignee against a third person, to recover assets claimed to belong to the bankrupt, should be commenced by bill in equity or be a suit at law, under the second section of the bankruptcy act of 1867.   This decision was made shortly before the question in this case, occurred.   In that case, I directed that the petition should be amended and stand for a bill.   In that case, however, the proceedings had not extended beyond that pleading.   The application made in this case is, that this court will revise the decision made on petition by the court below.   If the proceedings are to be regarded as founded on a bill in equity, such application could not be entertained, as the remedy in such a case could only be by an appeal under the 8th section of the act.   As the proceedings in this case have not been reformed, as in the case referred to, and as the practice has been heretofore very much unsettled, and as, to hold now, in this case, that the remedy in this court is by an appeal and not by a petition of review, would, the time for taking an appeal having passed, preclude all relief, I think it will be best, and in furtherance of justice to all parties concerned, to set aside the decree of the court below, as founded on irregular proceedings, without costs to either party, and with leave to the assignee to file a bill in the usual way against Mrs. Bonesteel.   By the case of In re Alexander [Case No. 160], before the chief justice, I understand this to be according to the true construction of the act: and, also, by a case before Mr. Justice Clifford.

[NOTE. For a subsequent decree, dismissing the assignee's bill in equity, see Voorhies v. Bonesteel, Case No. 17,001.]