BALLARD, (GROW v.) See Case No. 5,848.

BALLARD, (MARTINS v.) See Cases Nos. 9,175 and 9,176.

BALLARD, (OAKLEY v.) See Case No. 10,-393.

BALLARD. (UNITED STATES v.) See Cases Nos. 14,506, 14,507.

---

## Case No. 818.

### In re BALLOU.

[4 Ben. 135;[1] 3 N. B. R. 717, (Quarto, 177.)]

District Court, S. D. New York. May, 1870.

PRACTICE—PETITION AND BILL—LIEN—FRAUDULENT JUDGMENT.

1. A bankrupt suffered his property to be taken on legal process in favor of one of his creditors, under an execution issued on a judgment against him, the bankrupt intending thereby to give a preference to such creditor, and the creditor having reasonable cause to believe, at the time, that the bankrupt was insolvent: *Held*, that the transaction was void, under the 35th section of the bankruptcy act, [of March 2, 1867; 14 Stat. 534,] and that no valid lien was acquired in favor of the creditor by the taking under the execution.

[See In re Stevens, Case No. 13,391; Beattee v. Garden, Id. 1195; Catlin v. Hoffman, Id. 2,521; In re Davidson, Id. 3,599; Ex parte Binns, Id. 1,422; Ex parte Forsyth, Id. 4,948; Vogle v. Lathrop, Id. 16,985; Harvey v. Crane, Id. 6,178; Hood v. Karper,

Id. 6,664; Vanderhoof's Assignee v. City Bank, Id. 16,842; Warren v. Tenth Nat. Bank, Id. 17,202; Ford v. Keys, Id. 4,933; Smith v. Buchanan, Id. 13,016.]

2. The property levied upon under the execution was, under an order of the bankruptcy court, delivered to the assignee, and sold by him, subject to the determination of the court as to the validity of the lien claimed by the creditor. The assignee filed a petition, praying that such lien might be declared void. The creditor's answer prayed that it might be adjudged valid, and that the assignee might be directed to satisfy the execution out of the proceeds of the property held by him. On an objection taken by the creditor, at the hearing: *Held*, that, as the matter was brought up by petition, instead of by bill in equity, it was irregular; that both petition and answer must fall, and the proceeding be dismissed, without costs, with leave to the creditor to file a bill in equity, or bring a suit at law, as he might be advised, within thirty days.

[Cited in Barstow v. Peckham, Case No. 1,-064; In re Marter, Id. 9,143.]

[See Ex parte Bonesteel, Case No. 1,627.]

In bankruptcy.

G. A. Seixas, for assignee.

F. N. Bangs, for execution creditors.

BLATCHFORD, District Judge. On the proofs in this case, I regard it as established that the bankrupt, on the 9th of October, 1869 (the petition in bankruptcy having been filed on the 15th of October, 1869), being insolvent, suffered his property to be taken on legal process in favor of the firm of E. S. Jaffray & Co., under an execution issued on that day against him, on a judgment recovered on that day, in the marine court of the city of New York, by that firm, against him, for $486 80; that the bankrupt intended thereby to give a preference to that firm, as his creditors, they being such at the time; and that firm had reasonable cause to believe, at the time, that the bankrupt was insolvent, and that a fraud on the bankruptcy act was intended. The transaction was, therefore, void, under the 35th section of the act [of March 2, 1867; 14 Stat. 534,] and no valid lien was acquired in favor of the firm, by the taking under the execution. The petition of the assignee prays that such lien may be declared void. The answer of the firm to that petition, which answer was verified on the 17th of December, 1869, and filed on the next day, prays that the levy under the execution may be adjudged to be a valid lien, and that the assignee may be ordered to satisfy the execution out of the proceeds of the sale of the property. It appears, by the proofs, that the property levied upon under the execution was, on or about the 14th of December, 1869, under an order made by this court on that day, delivered to the assignee, the order providing that he should hold the proceeds separate from the other estate of the bankrupt, subject to the determination of this court on the petition filed by the assignee to ascertain the validity of the lien claimed by the firm, and that none of the rights or

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

liens of the firm should be prejudiced by the order. It also appears, that the property has been sold by the assignee, and that its proceeds have been kept separate, to abide the order of this court.

The objection was taken, at the hearing, by the counsel for the firm, that, inasmuch as the proceeding instituted by the petition of the assignee is one against the firm as claiming an adverse interest touching property or rights of property of the bankrupt, transferable to or vested in the assignee, it is wholly irregular, because it was not brought upon a plenary bill in equity, but by a summary petition and an order to show cause. On the authority of the recent decision made in the circuit court for this district, in the case of In re Bonesteel, [Case No. 1,627,] this objection must be held to be well taken. As the petition falls, the answer must fall with it, and also the prayer of the answer, that the assignee may be ordered to satisfy the execution out of the proceeds of the sale of the property levied upon. The petition is, therefore, dismissed, but without costs to either party, as against the other; and, as the fund is in the hands of the assignee, leave is given to the execution creditors to file a bill in equity, or bring an action at law, as they shall be advised, against the assignee, in a proper court, for the enforcement of such rights as they shall seek to claim against the assignee in the premises, provided that be done in thirty days herefrom, at the expiration of which time, if it be not done, the assignee may apply for directions as to the fund.