### In re BRISKMAN

(District Court, W. D. New York. July 25, 1904.)

No. 1,534.

1. BANKRUPTCY—JURISDICTION OF COURT—ADVERSE CLAIM.

A third person, who took goods from the possession of a bankrupt on a writ of replevin from a state court, after the petition in bankruptcy had been filed and a receiver appointed thereon, may be cited before the referee, and his rights determined in a summary proceeding, the property, when taken, having been constructively in the possession of the bankruptcy court; and he is not exempted from such proceeding by a provision of an order consolidating with such involuntary proceedings the proceedings on a voluntary petition subsequently filed that it should be "without prejudice to interested parties."

In Bankruptcy. On question certified from referee.

David Ruslander, for trustee.

Warner & Bock, for respondent.

HAZEL, District Judge. On August 27, 1903, a petition in involuntary bankruptcy was filed in this court against Louis Briskman. A receiver was appointed, who qualified on August 31, 1903, and entered upon the discharge of his duties. On September 8, 1903, the bankrupt filed a petition in voluntary proceedings, which was followed by an adjudication and the appointment of a trustee therein. Subsequently, on October 20th, an order was made by this court consolidating the involuntary and voluntary proceedings and continuing the same in the involuntary proceeding. On the day after the institution of the involuntary proceeding, certain personal property of the bankrupt, consisting of certain goods, wares, and merchandise in the nature of pieces

of cloth, was seized under replevin process in an action brought by Warner Bros. & Co. in the state court. Later the referee in bankruptcy, at the instance of the trustee, issued an order directing Warner Bros. & Co. to show cause at a future day why they should not surrender to the trustee the articles of merchandise mentioned therein. On the return day of said order Warner Bros. & Co. asserted that by express terms the order consolidating the involuntary and voluntary proceedings was "without prejudice" to them, or to any rights obtained by virtue of the replevin suit. On that ground the referee dismissed the order to show cause previously granted. Upon the application of the trustee the referee has certified the following questions for decision:.

"First. Is the trustee in bankruptcy of Louis Briskman entitled to a summary order requiring Warner Bros. & Co., a corporation, to turn over to him (such trustee) certain goods claimed by him to have been the property of the bankrupt, and seized by such corporation, under presumably lawful legal process under the laws of the state of New York, in the interval between the filing of the involuntary petition in this proceeding on the 27th day of August, 1903, and the filing of the voluntary petition herein on the 8th day of September, 1903; in particular the interpretation by such court of the words 'without prejudice to any interested parties,' which form a part of such order of the 8th day of January, 1904, which question I have answered in the negative."

The trustee claims that the seizure by the sheriff pursuant to the replevin process was from the custody of the bankruptcy court, inasmuch as the involuntary petition had been filed and a receiver appointed prior to the institution of such process in the state court. The respondents do not claim adversely to the bankrupt estate, except to insist that by the terms of the consolidation order their rights, obtained on account of the seizure in the replevin suit, cannot now be summarily determined.

That the property of the bankrupt comes within the jurisdiction of the bankruptcy court upon the filing of either a voluntary or an involuntary petition is not controverted. Neither is it disputed that this court has the power to prevent a state court from exercising exclusive jurisdiction over property of a bankrupt seized subsequent to the filing of a petition in bankruptcy. Abundant authority exists for holding that the bankruptcy court may immediately seize and take into its possession and control the property of the bankrupt either in his actual possession or such as may be reduced to possession. In re Breslauer (D. C.) 121 Fed. 910; In re Haynes (D. C.) 123 Fed. 1001; In re Kleinhans (D. C.) 113 Fed. 107; In re Knight (D. C.) 125 Fed. 35; In re Rodgers, 125 Fed. 169, 60 C. C. A. 567; In re Weinger, Bergman & Co. (D. C.) 126 Fed. 875. The institution of the involuntary proceeding was notice to respondents that the process of the bankruptcy court was invoked not only to adjudicate Briskman bankrupt, but also to preserve his estate, either actually or constructively in his possession, for the benefit of the creditors. The filing of the petition was a caveat to all the world. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. The case of Weinger, Bergman & Co., supra, recently decided by Judge Holt, is decisive of the question that the fact that the bankruptcy court may not have made an adjudication is immaterial, and, further, that the state court which seizes the property of a bankrupt subsequent to the filing of the petition may be enjoined

from exercising jurisdiction on the ground that it was not the first to take possession of the res. That no application to enjoin the state court was made is not material. The principal contention here arises over the interpretation of the words contained in the order consolidating the involuntary and voluntary proceedings. The phrase "without prejudice to interested parties" cannot be construed to mean that the respondent shall be permitted to retain possession of the merchandise taken under the replevin suit. If any significance be attached to the phraseology of the order, it must be that the words quoted were inserted for the protection of the petitioning creditors' rights, which might otherwise be defeated by the consolidation, and not for the benefit of this adverse claimant. The question presented on this review must therefore be answered in the affirmative.·

The trustee is entitled to an order requiring the respondent to show cause why the property seized should not be delivered to him. So directed.