# FRANK *v.* VOLLKOMMER.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 184.    Argued January 26, 28, 1907.—Decided April 29, 1907.

The possession of a temporary receiver in bankruptcy of the proceeds of property, upon which the bankrupt had fraudulently imposed a lien, deposited as a special fund to await the further order of the court, did not affect the rule that under the bankruptcy act of 1898, prior to the amendment of February 5, 1903, 33 Stat. 797, the state court in which an action could have been brought prior to the bankruptcy to set aside the lien had exclusive jurisdiction of a similar action brought by the trustee. The amendment of February 5, 1903, gave the bankruptcy court in such a case concurrent, not exclusive, jurisdiction.

Where it was necessary that a trustee in bankruptcy should represent judgment creditors in order to attack the validity of a chattel mortgage given by the bankrupt, if the state court has set the mortgage aside and the record shows that all the proceedings in the bankruptcy court were in evidence in the state court, it will be presumed that the trustee represented the necessary claims of creditors, although the evidence is not returned to this court.

109 App. Div. 914, affirmed.

THIS was a suit commenced in December, 1902, in the Supreme Court of New York for the County of Kings by Joseph Vollkommer, Jr., as trustee in bankruptcy of the estate of Jacob Vogt, bankrupt, against Solon L. Frank and Samuel Frank, doing business as S. L. & S. Frank, and Jacob Vogt, to set aside an alleged chattel mortgage on certain horses, harness, wagons, etc., given by Vogt to defendants Frank, April 16, 1902, as fraudulent, and intended to hinder, delay and defraud creditors.

The mortgagees had taken possession, and creditors immediately thereafter filed petitions in bankruptcy against Vogt in the District Court of the United States for the Eastern District of New York, whereupon and on June 30, 1902, one Stoutenburgh was appointed temporary receiver and duly qualified as such.

As alleged in the complaint, by agreement between the Franks and the petitioning creditors, which was approved by the District Court and entered of record therein July 2, A. D. 1902, it was provided that the property in question should be sold at public auction on July 3 by the temporary receiver; "that the expenses of the sale be paid out of the proceeds thereof; that the said temporary receiver deposit the net proceeds of said sale at the People's Trust Company of Brooklyn as a special fund, there to await the further order of the court upon due notice to all creditors who have or may hereafter appear; that the lien, if any, of the alleged chattel mortgage of the said defendants Frank be transferred to and attached to said special fund, or deposit, in lieu of and to the same extent as if attached to the said property thereinbefore directed to be sold; that in pursuance thereof, said sale was had on the third of July, A. D. 1902, and the net proceeds thereof, amounting to about $5,482.47, were on or about the 10th day of July, 1902, duly deposited in the People's Trust Company of Brooklyn, as provided by said agreement."

July 10, A. D. 1902, Vogt was duly adjudicated an involuntary bankrupt, and on November 12, A. D. 1902, Voll-

kommer, Jr., was appointed trustee in bankruptcy of Vogt, duly qualified November 21, and entered upon the duties of his office as trustee. He thereafter filed this complaint against the Franks and Vogt, setting up the proceedings and averring that defendants Frank claimed a lien upon the special fund to the whole extent thereof, which constituted a cloud on plaintiff's title to the fund, and he demanded judgment that the chattel mortgage be declared null and void and cancelled and discharged of record, and that the special fund be declared free of the incumbrance of the alleged chattel mortgage, and from any lien or claim by the Franks under the mortgage or otherwise. The trial court held that the mortgage was made "with the intent and purpose of said Vogt and said defendants Frank to hinder, defeat, defraud and delay said Vogt's creditors"; and decreed the annulment of the mortgage, and that it was "no lien upon the moneys, viz., $5,481.47, deposited on July 9th, 1902, by Arthur T. Stoutenburgh, temporary receiver, in the People's Trust Company of Brooklyn, New York, under an order of the District Court of the United States for the Eastern District of New York made July 2d, 1902." The case was carried to the Appellate Division of the Supreme Court and the decree was affirmed. Leave to appeal to the Court of Appeals was denied by the Appellate Division, and subsequently by an Associate Judge of the Court of Appeals. This writ of error was then allowed.

*Mr. Roger Foster* for plaintiffs in error:

Plaintiffs in error had a contractual right to have all questions concerning the title to the proceeds of the receiver's sale determined by the bankruptcy court which appointed the receiver under whose direction the sale took place, and in whose custody the proceeds were deposited. *Havens Co.* v. *Pierek*, 120 Fed. Rep. 244, 245; *Guaranty Co.* v. *North Chicago Ry. Co.*, 130 Fed. Rep. 801, 813.

Irrespective of the order on which plaintiffs in error had a right to rely, the state court had no power to make any order

affecting the title to a fund in the possession of a United States court.

Every court with equitable powers, in whose possession property is placed, whether tangible property or a fund, has exclusive jurisdiction to determine the validity of all claims to a lien upon the same, and to distribute that fund amongst the rightful owners. No other court has any power to interfere with such property.

This rule of general as well as of Federal jurisprudence applies to proceedings in bankruptcy. The prosecution of this suit in the state court might have been enjoined by the court of bankruptcy. The judgment is, consequently, subject to reversal by this court. *Covell* v. *Heymen*, 111 U. S. 176, 182.

There is no difference in principle, nor in practical importance, so far as this rule is concerned, between a suit where the state court directs its officer to exercise physical interference with property in the custody of the Federal tribunal, and one in which the decree of the state court affects the title only to the same, without taking manual possession thereof.

In each case, the judgment of the court which acquired prior jurisdiction is impeded, clogged and interfered with. It is, moreover, for the interests of justice that conflicts between decrees of coördinate tribunals should be avoided; and that the parties should not be tempted by the hope of thus gaining some apparent and at least temporary advantage, to indulge in "an unseemly scramble of litigants to speed cases in the respective courts of their preference." *Sharon* v. *Terry*, 36 Fed. Rep. 337, 359, *infra.*

Where a sheriff sells land, he merely delivers a deed, which purports to confer title thereto, and he exercises no physical control over the same. Yet, such a sale will be enjoined by the court of the United States with prior jurisdiction. *Julian* v. *Central Trust Co.*, 93 U. S. 193.

This rule has been applied to bankruptcy proceedings.

It is imperatively necessary that the state courts should be obliged to respect this rule in cases affecting funds in the pos-

session of the courts of bankruptcy, in order that the supremacy of the United States, when exercising that power expressly granted by the Federal Constitution, may be recognized.

In such cases the courts of the United States can even interfere with property in the possession of the state courts. *Tefft* v. *Sternberg*, 40 Fed. Rep. 2, 6; *Moran* v. *Sturges*, 154 U. S. 256; *The Willamette Valley,* 66 Fed. Rep. 565; *Re Watts and Sachs*, 190 U. S. 1, 32.

*Mr. Francis B. Mullin* for defendants in error:

The text-writers and the cases declare in unequivocal terms for the jurisdiction of the state courts in cases similar to the one at bar. *Bardes* v. *Hawarden Bank,* 178 U. S. 524, and two cases following; Collier on Bankruptcy, 5th ed., 272, *infra;* *Wall* v. *Cox,* 181 U. S. 244; Brandenburg on Bankruptcy, 3d ed., § 581; *Jones* v. *Schermerhorn,* 53 N. Y. App. Div. 494; *Silberstein* v. *Stahl,* 32 N. Y. Misc. 353, aff'd 63 N. Y. App. Div. 614; aff'd 171 N. Y. 649; *Small* v. *Muller,* 67 N. Y. App. Div. 143; *Bryan* v. *Madden,* 109 N. Y. App. Div. 876.

Notwithstanding the possession of the fund by the bankruptcy court, it is perfectly proper, and consistent with comity, as has been said already, to permit the trustee to sue in the state court, to avoid the mortgage. Such a suit does not interfere with the possession of the fund. Where the suit in the state court asks for relief which might be an interference with the possession of the Federal court, this does not warrant enjoining the suit, where the principal relief sought would not be a direct interference. *Guaranty Trust Co.* v. *North Chicago St. R. Co.,* 130 Fed. Rep. 801.

The imperfect and partial possession of the funds in this case is not sufficient to change the ordinary rule giving the state courts jurisdiction. In every bankruptcy case, as soon as an adjudication is made, the bankruptcy court is constructively in possession of all the property of the bankrupt. *State Bank* v. *Cox,* 16 Am. Bk. Rep. 32; *York Mfg. Co.* v. *Cassell,* 15 Am. Bk. Rep. 638; *S. C.,* 201 U. S. 344; *Mueller* v.

*Nugent,* 184 U. S. 1; *Re Granite City Bank,* 137 Fed. Rep. 818. But notwithstanding this possession the state courts have universally entertained actions by the trustee.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Counsel for plaintiffs in error contended below that the state courts had no jurisdiction because the suit was brought to determine title to property or a fund in the possession of the District Court of the United States. The bankruptcy act of July 1, 1898, provided that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." 30 Stat. 544, c. 541, § 23*b.*

In *Bardes* v. *Hawarden Bank,* 178 U. S. 524, we held that the bankruptcy court, except by the consent of the defendant, had no jurisdiction to try and determine a suit brought by a trustee in bankruptcy to recover property alleged to be part of the bankrupt's estate, or to have been transferred by him in fraud of the act, but that such suits must be prosecuted either in the state courts or in the Circuit Courts of the United States where diversity of citizenship existed. The act of 1898 was amended by the act of February 5, 1903, 32 Stat. 797, c. 487, section 19 of which provided that the act should "not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July first, eighteen hundred and ninety-eight."

The present case was commenced in 1902, and besides the amendment gave the bankruptcy court concurrent and not exclusive jurisdiction.

We give in the margin [1] quotations from the acts of July 1,

---

[1] SEC. 23*b:* "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such

1898, and February 5, 1903, the amendments made by the latter act being italicized.

Undoubtedly the state court, in which the trustee brought

trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, *except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.*"

SEC. 60b: "If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

"*If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

SEC. 67e: "That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void, as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors: And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. *For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

SEC. 70e: "The trustee may avoid any transfer by the bankrupt of his

this suit, was the court "where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them [suits], if proceedings in bankruptcy had not been instituted," and its jurisdiction under the applicable general rule must be conceded.

But plaintiffs in error contend that the possession by the bankruptcy court of the proceeds of the sale of the mortgaged chattels deprives the state court of its conceded jurisdiction to set aside the mortgage as fraudulent.

The contention is wholly inadmissible. The mortgaged property consisted of horses, vehicles, harness, etc., and the order of sale of the temporary receiver, agreed to by plaintiffs in error, was evidently in the interest of all parties, and provided for the deposit of the proceeds, not in the general funds of the estate, but as a special fund, to which the lien, if any, of the chattel mortgage was transferred, and clearly contemplated a plenary suit to determine the validity thereof, which, at that time, there being no diversity of citizenship, and no such possession as might lead to a different result, could only be commenced in the state court. The trustee himself commenced it there and obtained the decree, which was in its nature self-executing, and merely set aside the mortgage, and, as incident thereto; declared that the special fund was free from its lien, and, without seeking to interfere with the possession, left it to the bankruptcy court to carry the decree into effect by placing the money in the custody of its officer, the trustee.

property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. *For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

SEC. 19 of act of February 5, 1903: "*That the provisions of this amendatory act shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July first, eighteen hundred and ninety-eight.*"

No principle of comity was violated and there was no interference with the bankruptcy court. *First National Bank* v. *Title & Trust Company,* 198 U. S. 280; *Davis* v. *Friedlander,* 104 U. S. 570; *Eyster* v. *Gaff,* 91 U. S. 521; *Claflin* v. *Houseman,* 93 U. S. 130; *Re Platteville Foundry & Machine Company,* 147 Fed. Rep. 828; *Guaranty Trust Company* v. *North Chicago Street Railroad Company,* 130 Fed. Rep. 801; *Re Spitzer,* 130 Fed. Rep. 879; *Bindseil* v. *Smith,* 61 N. J. Eq. 645; *Skilton* v. *Codington,* 185 N. Y. 80. In the latter case the Court of Appeals by Cullen, C. J., in sustaining the jurisdiction of the state court, admirably expounds the applicable principles, with a full citation of authorities. That was a suit against the trustee, while the present case was brought by the trustee.

The possession of the temporary receiver of the special fund was not in the circumstances in any sense sufficient to change the ordinary rule giving the state courts jurisdiction any more than the constructive possession in every case created by adjudication. *Mueller* v. *Nugent,* 184 U. S. 1; *York Mfg. Company* v. *Cassell,* 201 U. S. 344.

It is objected that the trustee had no right to attack the validity of the chattel mortgage because it did not appear that he represented any but simple contract creditors. But the record before us shows that the entire record of the proceedings in the bankruptcy court was in evidence before the trial court, though it was not returned here, so that if it were necessary that the trustee should represent judgment creditors, which we do not decide that it was, it must be presumed that the trial court in passing upon all the evidence found that he did. This may explain why the point was not made in the trial court, and it comes too late here.

*Judgment affirmed.*