## In re VOGT.

### (District Court, E. D. New York. June 22, 1911.)

1. BANKRUPTCY (§ 336*)—FRAUDULENT CLAIM OF LIEN—AMENDMENT.

Where a claim of lien under a mortgage had been declared fraudulent, the claimants were not entitled to amend, so as to prove such claim as a general claim against the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

2. BANKRUPTCY (§ 314*)—CLAIMS—LIENS—AMENDMENT.

Where certain claimants against a bankrupt were shown by the schedules to have been creditors in the sum of $3,250 for goods sold, for which notes had been given and later an alleged usurious mortgage delivered, they were entitled, if they had not estopped themselves, or limitations had not run against them, to prove such amount as a general claim against the estate, though their liens were defeated.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In Bankruptcy. In the matter of bankruptcy proceedings against Jacob Vogt.

See, also, 163 Fed. 551.

Francis B. Mullin, for trustee.
Roger Foster, for the Franks.

CHATFIELD, District Judge. At the present time the referee is ready to proceed with the case. The trustee has at last applied to the court to administer the estate, and the mortgagees, who have variously attempted to enforce their claims, but whose latest mortgage was declared invalid, have appeared in court and expressed a desire to assert their lien, if they can substantiate any to the fund, or, if their claim be not a lien, that it be allowed as a general debt against the bankrupt estate. Under these circumstances, the situation is different from that which was decided upon the previous motions, when the trustee asked this court to have the funds paid over to him, and the claims of all mortgagees declared null and void, upon his motion and against the objection of those mortgagees.

[1] The receiver's estate may be ordered to turn the property over to the trustee, subject to the further order of the court, and the trustee may apply to the referee for the declaration of a dividend. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Franks may appear before the referee, and, if they are so advised, file a verified petition, setting forth any claim of lien which they may now make (bearing in mind the decision of the Supreme Court of the United States, in Frank v. Vollkommer, 205 U. S. 521, 27 Sup. Ct. 596, 51 L. Ed. 911) to any part of the bankrupt estate. Inasmuch as the claim of the Franks, under the third mortgage, was held to be fraudulent, they obtained nothing thereby, and cannot amend that claim, so as to prove a general claim.

[2] But they were shown by the schedules to have been creditors in the sum of $3,250 for goods, that notes had been given for this amount, and later the alleged usurious mortgage delivered. Their claim has always been a part of the record, and they would seem to be entitled, if their claimed liens are all defeated, to be treated as general creditors, if they have not estopped themselves, or put themselves in a position in which the statute providing for a year within which to prove claims has cut them off.

It is not necessary to dispose of this question at the present time. If they attempt to claim a lien, the matter will be referred to the referee as special commissioner, to hear and determine upon the validity of the lien, and at the same time he can consider whether or not they are estopped from being treated as general creditors if the lien be disallowed.

The motion to pay over the money to the trustee, with the other provisions indicated. will be granted.