### In re PALMER.

(District Court, N. D. New York. November 10, 1914.)

BANKRUPTCY (§ 184*)—VALIDITY OF CHATTEL MORTGAGE—FAILURE TO RECORD.

Bankrupt and his brother entered into a mercantile partnership, and claimant, who was his brother's wife, furnished the money with which certain fixtures were purchased by the firm. Later bankrupt bought his brother's interest, and as part payment gave his note to claimant for the amount advanced by her, reciting that it was secured on all of the property in his store. This note was not filed for record until eight months after its execution and one month prior to the bankruptcy. Held, that the instrument was a chattel mortgage, and under the law of New York, while valid as against the bankrupt, was void as against his creditors whose claims antedated its filing, and therefore, under Bankr. Act July 1, 1898, § 67a, c. 541, 30 Stat. 564 (Comp. St. 1913, § 9651), also as against his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In Bankruptcy. In the matter of Floyd L. Palmer, bankrupt. Proceeding by Julia Palmer to determine the right to the proceeds of certain property. Finding against claimant.

R. F. Bieber, of Binghamton, N. Y., for trustee.
H. C. & V. D. Stratton, of Oxford, N. Y., for claimant.

RAY, District Judge. About May 18, 1914, Floyd L. Palmer was duly adjudicated a bankrupt. He had been running a grocery business, and in the store were certain so-called fixtures, consisting of a large safe or cooler, etc. The trustee claimed that the bankrupt owned same free of valid liens or incumbrance, but Julia Palmer claimed that she was entitled thereto, as they were paid for with her money, and that she had and holds a property note in the nature of a mortgage thereon to secure the payment to her of such money. The fixtures were sold, and the money placed on deposit to take the place thereof.

Julia Palmer, the claimant, is the wife of Luther F. Palmer, who is a brother of Floyd L. Palmer, the bankrupt. July 31, 1912, said Floyd L. Palmer and Luther F. Palmer entered into a copartnership, by written agreement, in the business of buying and selling butter, eggs, etc., in the city of Binghamton, N. Y. Floyd L. Palmer contributed $200, and Luther F. Palmer contributed $250, which sum

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had been given to Julia Palmer, his wife, by her aunt; but Julia turned it over to her husband, Luther F. Palmer, to put into such partnership, and it was used for the purchase of the said fixtures. Julia Palmer took no note or security at the time of any one. There was no contract or agreement that she should own or have a lien on the property purchased with such money. The bills for such property were made out by the seller to the firm. Quite an amount of indebtedness was contracted by the firm, some of which is still unpaid.

On the 25th day of August, 1913, Luther F. Palmer sold out his entire interest in the firm and firm property to said Floyd L. Palmer, now bankrupt. Floyd L. assumed the payment of all firm debts and paid Luther some small consideration over and above the sum represented by the note in question, and in consideration of the fact that Julia had given to Luther the $250 which went into the purchase of the said so-called fixtures, and that he was getting title thereto by purchasing the entire interest in the firm and firm property, gave to said Julia Palmer the following instrument, duly signed by him, viz.:

"$250.                              Binghamton, N. Y., August 25, 1913.
  "One year after date I promise to pay to the order of Mrs. Julia Palmer two hundred and fifty $^{00}/_{100}$ dollars at ———, value received, with 6% interest. Until this note is paid I give as security my entire stock and fixtures in my store at 137 Court St., Binghamton, N. Y.
  "No. ———.  Due Aug. 25, 1914.                    Floyd L. Palmer."

This instrument was not filed until April 24, 1914, 1:45 p. m., about one month before the petition in bankruptcy was filed against said Floyd L. Palmer, and some eight months subsequent to its execution. At the time of the bankruptcy said Floyd L. Palmer was owing to the creditors many hundreds of dollars over and above the fair value of all his assets.

On the face of this paper (note in the nature of a chattel mortgage) it is a chattel mortgage. It recognizes that the title to the so-called fixtures had passed to and was in Floyd L. Palmer, now bankrupt. It is not a conditional sale note, as neither the title to nor the possession of the fixtures mentioned was ever in Julia Palmer. They were not purchased for her, and she did not sell them to Floyd L. Palmer. Julia never took possession under her chattel mortgage note. July 7, 1914, proof of claim was filed, which sets out a copy of the note and calls it a chattel mortgage security. The instrument does, of course, recognize a debt to Julia Palmer and that she was entitled to $250 of the consideration paid, or to be paid, by Floyd L. when he bought out the interest of his brother in the copartnership property. It recognized, not in terms, but in view of all the facts, that she had let her husband have the $250, and that he had used it to pay for such fixtures, that he owed Julia that sum, and that Floyd's assumption of the debt in the manner mentioned released Luther from liability to his wife.

The equities of Julia Palmer are, of course, very strong; but the rights of the creditors of the firm, those who are unpaid, and the rights of the creditors of Floyd L. Palmer, who had apparent and actual ownership of such fixtures, cannot be ignored. As to these fixtures the relation between Floyd L. Palmer and Julia Palmer was

that of mortgagor and mortgagee, and as between Julia and the creditors of Floyd L. Palmer and his trustee in bankruptcy she occupies the position of mortgagee with a chattel mortgage which, while given for a valuable and a full consideration and more than four ·months prior to the filing of the petition in bankruptcy, was kept from the records or files for some eight months. This was an unreasonable and an unnecessary delay in filing; and makes the mortgage void as to the trustee in bankruptcy. Skilton v. Codington, 185 N. Y. 80, 88, 89, 77 N. E. 790, 113 Am. St. Rep. 885. In this case it is held:

"2. Chattel Mortgage—Rights of Creditors Whose Claims Accrued Before Filing of a Chattel Mortgage—Trustee in Bankruptcy. A chattel mortgage, unfiled for a term of five years, is void as against creditors of the mortgagor whose claims accrued prior to such filing; and although creditors cannot, under the general rule, attack it until after the recovery of a judgment and issue of an execution, this rule is simply one of procedure and does not affect the right; and therefore, where the recovery of a judgment is impracticable, it is not an indispensable requisite to enforcing the rights of the creditor; hence a trustee in bankruptcy may, for the benefit of creditors, attack such mortgage, though if a creditor seeks that relief in his own name it would be necessary that his claim be first put in judgment.

"3. Same—When Chattel Mortgage Valid Between Parties may be Attacked by Trustee in Bankruptcy—Bankruptcy Law, § 67. Notwithstanding the fact that an unfiled chattel mortgage is valid as between the parties, and that a trustee in bankruptcy succeeds only to the rights of his bankrupt, he is not thereby precluded from attacking a mortgage made by his bankrupt for default in filing, since by section 67 of the Bankruptcy Act it is expressly provided that 'claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate.'"

These quotations from this case, which is the law of the state of New York, demonstrate that this mortgage is void. The most, if not all, of the debts owing by Floyd L. Palmer were incurred prior to the filing of the mortgage note. The claimant here has cited Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816, which held that a nonfiled chattel mortgage, which is valid as between parties, cannot be taken advantage of by the trustee in bankruptcy, who succeeds only to the rights of the bankrupt. This case is cited in Skilton v. Codington, 185 N. Y. at pages 87 and 88, 77 N. E. 790, 113 Am. St. Rep. 885, and it is pointed out that this was the law under the Bankrupt Act of 1868, but that section 67 of the present Bankrupt Act changes the rule.

Attention has been called to Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. That case as is pointed out in Skilton v. Codington, arose under section 112 of the Lien Law, which provides that reservations of title in contracts for the conditional sale of goods and chattels are void unless filed as against subsequent purchasers, pledgees, or mortgagees in good faith. It does not provide that nonfiling makes the conditional sale contract void for nonfiling as against creditors.

In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the force of the laws of the state of Ohio was under consideration, and it was held that the trustee in bankruptcy takes the property of the bankrupt subject to the lien of an unfiled contract of conditional sale, which in that state is void as against creditors as

well as subsequent purchasers. Under the laws of the state of Ohio, as interpreted by its courts in reference to chattel mortgages, a conditional contract is void only as against those creditors who before the contract or mortgage is filed, or before the vendor or mortgagee obtains possession, seize the property on execution or attachment. Hence the decision in the York Manufacturing Case.

The court in Skilton v. Codington, supra, points out that this is not the law of the state of New York. Here the mortgage is void as to simple contract creditors, but such creditors cannot attack it until the recovery of a judgment and the issue of an execution This goes to the question of remedy simply, and not to the question whether the unfiled chattel mortgage is void.

And here in the case now before this court, as in Skilton v. Codington, while Floyd L. Palmer could not have taken advantage of the nonfiling of the mortgage note, his trustee in bankruptcy can. As said by the court, a trustee in bankruptcy may for the benefit of creditors attack such (unfiled) mortgage, though if a creditor seeks that relief in his own name it would be necessary that his claim be first put in judgment. By section 67 of the present Bankrupt Act it is provided that:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

It follows from this that, as the chattel mortgage was not filed until some eight months after its execution and delivery, it was void for nonfiling as against the creditors of the bankrupt, not as against him, and hence, in the language of the Bankrupt Act, it is one of those claims which "shall not be liens against his estate," meaning the estate of the bankrupt.

Skilton v. Codington has been cited and approved by the Supreme Court of the United States, in Frank v. Vollkommer, 205 U. S. 529, 27 Sup. Ct. 596, 51 L. Ed. 911, and in Murphy v. John Hofman Co., 211 U. S. 570, 29 Sup. Ct. 154, 53 L. Ed. 327. In Zartman v. First National Bank, 189 N. Y. 267, 274, 82 N. E. 127, 129 (12 L. R. A. [N. S.] 1083) the court said:

"The plaintiff, as trustee in bankruptcy of the mortgagor, has the same rights as a creditor armed with an attachment or execution"—and cited Skilton v. Codington, supra.

In Titusville Iron Co. v. City of New York, 207 N. Y. 203, 210, 100 N. E. 806, Skilton v. Codington is cited and followed, and the distinction between it and cases decided under the former Bankruptcy Act are pointed out.

It must be regarded as the settled law of the state of New York, recognized by the Supreme Court of the United States as to chattel mortgages, that an unfiled chattel mortgage is void as to the creditors of the bankrupt, especially those whose claims arose prior to the filing, and that the trustee in bankruptcy may take advantage of such nonfiling, even though the mortgagor himself could not have done so. Such a mortgage must be filed within a reasonable time, which means

so soon as would be demanded in the exercise of reasonable diligence. It is not validated as to the trustee in bankruptcy by a filing a short time prior to the filing of the petition in bankruptcy.

It follows that it must be held that the trustee in bankruptcy is entitled to an order decreeing that he, as such trustee, is entitled to hold the money derived from the sale of the fixtures mentioned as against the claimant, Julia Palmer.