## MEEK v. EGGERMAN.

No. 6317.   Opinion Filed February 8, 1916.

Rehearing Denied March 16, 1916.

(155 Pac. 522.)

**BANKRUPTCY—Property in Trustee's Custody—Jurisdiction of State Courts.** Where a federal court in a bankruptcy proceeding has taken property into its possession, through its duly elected and qualified trustee, the property is withdrawn from jurisdiction of all other courts, and cannot be taken from the custody of such trustee upon process from a state court.

(Syllabus by Bleakmore, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by Janie M. Meek against M. F. Eggerman, trustee of D. N. Meek, bankrupt. Judgment for defendant, and plaintiff brings error. Affirmed.

*C. P. Holt* and *P. S. Nagle (P. O. Cassidy,* of counsel), for plaintiff in error.

*Lydick & Eggerman,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action in replevin, commenced in the superior court of Pottawatomie county, by Janie M. Meek against M. F. Eggerman, trustee of the estate of D. N. Meek, a bankrupt, to recover possession of certain live stock taken and held by him as such trustee under orders of a court of bankruptcy. The case was subsequently transferred to the district court of said county, where judgment was rendered on the pleadings, directing the return of the property seized under the order of delivery, and dismissing the action for the reason that the bankruptcy court had previously acquired jurisdiction of the subject-matter thereof. The parties appear and are referred to here as in the trial court.

It is shown by the pleadings that on June 21, 1911, D. N. Meek, husband of plaintiff, was upon his voluntary petition adjudged a bankrupt in the United States Court for the Western District of Oklahoma, and thereafter the defendant, Eggerman, was elected and qualified as trustee of his estate. Subsequently said trustee filed his petition in said court, praying that the property sought to be recovered herein be ordered delivered to him as part of the estate of said bankrupt. Upon the hearing of said petition, after notice, the referee determined that at the time of the filing of the petition in bankruptcy and the adjudication thereon the bankrupt was in possession of said property, and ordered that the same be delivered to the trustee and be taken possession of by him, which orders were served upon the bankrupt and the plaintiff herein. Upon application of the trustee to the bankruptcy court, stating that plaintiff was asserting some pretended claim to the prop-

erty in controversy here, but that such claim was fictitious and without merit, that court ordered plaintiff to appear therein on February 13, 1913, and show cause why her claim to such property should not be adjudged frivolous, etc. Delivery to him of the property being refused, the trustee took possession thereof February 4, 1913. Whereupon this suit was brought on February 7th thereafter.

Plaintiff contends, because of certain alleged irregularities, that the orders by virtue of which the trustee in bankruptcy took possession of the property in question were void, and consequently in acting thereunder he was a mere trespasser. The question of the jurisdiction of the federal court, and the validity of its orders under which the trustee proceeded in taking possession of the property involved, is not one which might properly have been determined in this action by the court below. If that court was without jurisdiction and its orders were void, undoubtedly plaintiff is entitled to her remedy in a proper proceeding. Upon this point it is said in *Freeman v. Howe*, 24 How. (65 U. S.) 450, 16 L. Ed. 749:

"Another and main ground relied on by the defendants in error is that the process in the present instance was directed against the property of the railroad company, and conferred no authority upon the marshal to take the property of the plaintiffs in the replevin suit. But this involves a question of right and title to the property under the federal process, and which it belongs to the federal, not the state courts, to determine * * * and in the condition of the present case more than this is involved; for the property, having been seized under the process of attachment, and in the custody of the marshal, and the right to hold it being a question belonging to the federal court, under whose process it was seized, to determine, there was no authority, as we have seen, under the pro-

cess of the state court, to interfere with it. * * *
It is quite clear, upon the principle stated, the jurisdiction
of the former, and the validity and effect of its process,
would not be what the federal, but state, court might de-
termine.  No doubt, if the federal court had no jurisdic-
tion of the case, the process would be invalid, and the
seizure of the property illegal, for which the aggrieved
party is entitled to his remedy, but the question is, Which
tribunal, the federal or state, possesses the power to de-
termine the question of jurisdiction or validity of the
process? * * * We need scarcely remark that no
government could maintain the administration or execu-
tion of its laws, civil or criminal, if the jurisdiction of its
judicial tribunals were subject to the determination of
another."

The remaining question for consideration is whether
the trial court erred in holding that the property in con-
troversy, having been previously taken into its possession
by the federal court in the bankruptcy proceeding, was
withdrawn from the jurisdiction of the state court.  We
are of opinion that the court below' was correct in this
conclusion.

Speaking to this point the federal Supreme Court in
*Edward Murphy v. John Hofman Co.,* 211 U. S. 562, 29
Sup. Ct. 154, 53 L. Ed. 327, said:

"Before going further it is well to ascertain the prin-
ciples of law which are applicable to the situation. · The
Bankrupt Act of 1898 (30 Stat. at L. 544, c. 541; U. S.
Comp. Stat. 1901, p. 3418), as originally enacted, did not
confer jurisdiction on the district courts of the United
States over suits brought by trustees in bankruptcy to
assert title to property as assets of the bankrupt, or to set
aside transfers made by the bankrupt in fraud of the
creditors or by way of preference, unless by consent of the
defendant.  *Bardes v. First Nat. Bank,* 178 U. S. 524, 20

Sup. Ct. 1000, 44 L. Ed. 1175; *Frank v. Vollkommer*, 205 U. S. 521, 51 L. Ed. 911, 27 Sup. Ct. 596. The act, however, preserves the jurisdiction, otherwise existing by statute, of the courts of the United States, though it is limited to courts where the bankrupt himself could have prosecuted the action. *Bush v. Elliott*, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114. But where the property in dispute is in the actual possession of the court of bankruptcy there comes into play another principle, not peculiar to courts of bankruptcy but applicable to all courts, federal or state. Where a court of competent jurisdiction has taken property into its possession, through its offices, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them. *Wabash R. Co. v. Adelbert College*, 208 U. S. 38, 54, 386, 28 Sup. Ct. 182, 52 L. Ed. 379. Accordingly, where property was in the possession of the bankrupt at the time of the appointment of a receiver, it was held that the bankruptcy court had jurisdiction to determine the title to it as against an adverse claimant, and that the receiver had no right to deliver it to him without the order of the court. *Whitney v. Wenman*, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157. On the day the opinion in the Bardes Case was announced, the same justice delivered the opinion of the court in *White v. Schloerb*, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, a case in which the facts were essentially those of the case at bar. Certain persons, copartners in trade, were adjudicated bankrupts, and the case was sent to a referee in bankruptcy. They had a stock of goods in a store, the entrance to which was locked by the referee. Certain other persons claimed title

to part of the stock of goods as obtained from them by a fraudulent purchase, which had been rescinded. After the adjudication, these persons brought an action of replevin of the goods against the bankrupt in a state court, which was executed. It was held that replevin would not lie in the state court, and that the district court had jurisdiction by summary proceedings to compel the return of the property seized. The court said: 'The goods were then in the lawful possession of and custody of the referee in bankruptcy, and of the bankruptcy court, whose representative and substitute he was. Being thus in the custody of a court of the United States, they could not be taken out of that custody upon any process from a state court.' The last two cases cited proceed upon and establish the principle that when the court of bankrupty, through the act of its officers, such as referees, receivers, or trustees, has taken possession of a *res,* * * * it has * * * jurisdiction to hear and determine the adverse claims of strangers to it, and that its possession cannot be disturbed by the process of another court. And see *Skilton v. Codington,* 185 N. Y. 80, 85, 86, 77 N. E. 790, 113 Am. St. Rep. 885, and *Frank v. Volkommer,* which by implication approve the same principle."

In *Acme Harvester Company v. Beekman Lbr. Co.,* 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, it is said:

"It is the purpose of the bankruptcy law, passed in pursuance of the power of Congress, to establish a uniform system of bankruptcy throughout the United States, to place the property of the bankrupt under the control of the court, wherever it is found with a view to its equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far *in rem* that the estate is regarded as *in custodia legis* from the filing of the petition."

See Loveland on Bankruptcy, vol. 1, sec. 401; Collier on Bankruptcy (10th Ed.) p. 504; *Smith v. Berman*, 8 Ga. App. 262, 68 S. E. 1014, 24 Am. Bankr. Rep. 849.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.